**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GRACIE GALVAN, | ) | CASE NO. CV 12-04804 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff suffered workplace harassment, which led to her depression. The Administrative Law Judge found that she was not disabled, however, because she still could work, albeit not at her previous employment. The Court does not find that Plaintiff's arguments to the contrary are persuasive, and therefore affirms.

Plaintiff asserts that the Administrative Law Judge erred by not finding that, in addition to her depression, she also had a severe physical impairment. It is true, as the Administrative Law Judge acknowledged [AR 14], that the record contains diagnoses of certain physical ailments, including hypothyroidism and fibromyalgia. However, as the Administrative Law Judge also noted [*id.*], not only did Plaintiff not assert that any physical ailment disabled her, but also Plaintiff had worked despite any physical ailment. If a person has worked despite ailments, then the person is not disabled at the first step of

the five-step sequential evaluation. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24, 124 S. Ct. 376 (2003).

More troubling are the comments by the Administrative Law Judge about the relatively low dosage of Plaintiff's antidepressant medication, as well as his reflecting on the fact that Plaintiff was not diagnosed with Post Traumatic Stress Disorder. [AR 15, 16] As Plaintiff has noted in this Court, the Administrative Law Judge is not himself a medical expert, and is not competent to say what dosage of a medication is appropriate, or what diagnosis fits a claimant's symptoms. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996). In reviewing the Administrative Law Judge's decision, therefore, the Court disregards the comments of the Administrative Law Judge on these matters.

These comments, moreover, must be taken in context. They did not form the actual basis for the adjudication, but rather were part of a nuanced and considered adjudication. The Administrative Law Judge first noted them as factors other than medical data that tended to diminish the allegations as to the extent of the claimed disability. [AR 15] He also referred to a "general perspective" when noting certain comments from the psychologist concerning unusual responses to psychological testing. [AR 16] And he included some additional commonsense reservations, specifically questioning the lasting impact of the workplace harassment — that it still would have as strong effect as Plaintiff asserted more than two years after she had left the employment.

Whatever the effect of these comments, moreover, the Administrative Law Judge did accept that Plaintiff had a severe impairment, which prevented her from returning to her past work. The issue therefore is whether substantial evidence backed his determination that she nevertheless possessed the residual functional capacity to perform simple repetitive tasks. The Administrative Law Judge candidly acknowledged that, if Plaintiff could not perform simple repetitive tasks, she would have been unable to work. [AR 38]

The decision is to be upheld if it is backed by substantial evidence, and "substantial evidence" means "more than a mere scintilla . . . .such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Drouin v. Sullivan*, 966 F.2d 1225, 1257 (9th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Administrative Law Judge noted that the data appearing in forms prepared in a Worker's Compensation proceeding did not show that Plaintiff could not perform simple, repetitive tasks, and the ratings assigned Plaintiff under the American Psychiatric Association's General Assessment of Functioning Scale did not indicate an inability to perform the kinds of work testified to by the vocational expert and referenced by the Administrative Law Judge [AR 17]. The Administrative Law Judge also referenced the findings of the consultative psychiatrist that Plaintiff could complete simple tasks and could return to work. [AR 18] Taken collectively, this information stands a substantial evidence that Plaintiff retained the capacity to perform simple repetitive tasks. Plaintiff may see it differently, but the Court's task is to uphold the decision if the evidence reasonably can be interpreted as the Administrative Law Judge interpreted it. *See Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (citing *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:   February 14, 2013

                                    _____
                                    RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE